JAMES CUNNINGHAM, Respondent, v. DENNIS J. TROLAN, Appellant.

APPEAL from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, third district, borough of Manhattan.

Nathaniel Cohen, for appellant.

Frank H. Smiley, for respondent.

GREENBAUM, J.   The defendant appeals from a judgment rendered against him in the third district Municipal Court, upon an alleged cause of action arising out of the following state of facts.

Plaintiff alleges: "That on or about June 4, 1894, plaintiff and defendant were copartners and jointly interested in excavating certain premises situated on the south side of Seventy-second street" in the city of New York; and that on said date "while engaged in such excavation, plaintiff and defendant had in their employ one Joseph Raynor" who claimed to have sustained certain injuries occurring through the negligence of the parties to the action; that the said Raynor brought an action against said parties in the late Superior Court for damages by reason of his injuries sustained as aforesaid; that the said action resulted in a judgment for $1,165.16 against the above-named plaintiff alone; that "on or about June 4, 1901, the plaintiff was compelled to and did pay in satisfaction of said judgment, the sum of five hundred dollars" and that "notwithstanding the frequent promises of defendant to pay his one-half of said five hundred dollars, he has failed to pay same or any part thereof although duly demanded." Defendant denies any partnership.

It appeared that in the action in the Superior Court brought by Raynor against the parties in this action, separate answers were interposed in which the partnership between them was denied by each of them. The verified answer of Cunningham (the plaintiff here), denied not only the partnership, but also that they were jointly interested in and about the work which "plaintiff (Raynor) was engaged in performing" and affirmatively alleged that he (Cunningham) had a contract for excavating said premises and that Raynor was employed by him.

Upon the issue created by the denial of the partnership of the parties, the defendant Trolan was relieved from all liability in the Raynor case.

Cunningham now comes into court, confessedly admitting perjury in the Raynor case, and asserts a partnership with the defendant.

Aside from the reason that the preponderance of evidence is against the plaintiff it scarcely needs more than a comprehension of the facts to show why the court will not sanction a

judgment based upon the vital issue of partnership, where the plaintiff unequivocally testified in another action that no partnership existed.

Our disposition of the case here is not to be construed as holding that the court below had jurisdiction to try the alleged cause of action set forth. In the view of the case, that we take, it becomes unnecessary to consider this question.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.